# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART STORE, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00900-OWW-GBC (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 7) |

**I.      Procedural Background**

Plaintiff Robert Cortez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 3, 2011. (Doc. 1). Plaintiff filed a first amended complaint on June 20, 2011.

**II.     Screening Order of First Amended Complaint filed June 20, 2011**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's claim is the following:

> When I was a toddler, I was placed on this property that Walmart is built on at Herndon and Ingram, Fresno CA, 93650. Between 1974 and 1980, adults placed me in a house where I was abused and placed on a steel beam. The beam had metal slag

>from a cutting process and oil was placed on the beam, as I crossed over it, which resulted in my penis and testicles to be severed off. As I bled, A woman I think is C/O M. Pina somehow helped me get medical attention. Growing up I did not have feeling in this area of my body. This problem affected all portions of my life. I feel asleep from the loss of blood. I asked to be placed in the dirt to sleep and have been under investigation since of before this incident. My life has been oppressed by law enforcement over this compan[y's] abuse of influence. I don't want to die or lose my freedom to rich and powerful people. They plant evidence on me and pay for testimony.

(Doc. 7 at 4-5). The first amended complaint continues to detail what happen to his severed penis as a child and other childhood experiences and rambles on incoherently throughout the rest of the complaint. (Doc. 7 at 6-9). As relief, Plaintiff seeks punitive, monetary damages and injunctive relief which includes a request for a "cell phone chrono" and for the Court to stop unidentified people from blaming Plaintiff "for things." (Doc. 1 at 2). Plaintiff lists Wal Mart and Parole Agent Joe Chacon as defendants. (Doc 7. At 12).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Generally, private parties are not acting under color of state law. *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Moreover, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusion are not, *id.* at 1949.

Plaintiff's complaint fails to state any claims upon which relief may be granted. The questionable nature of Plaintiff's claims aside, the complaint is against Walmart which is not a government actor and Plaintiff fails to link any conduct to the rest if the named defendants. Plaintiff's incoherent allegations of harm stemming from childhood do not give rise to any facially plausible claims for relief. *See Iqbal* at 1949-50.

///

IV. **Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   **June 27, 2011**                          **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE